## Susquehanna Collieries Company's Appeal

*Earl V. Compton,* for appellant.

*Walter R. Sohn* and *E. LeRoy Keen,* for respondents.

HARGEST, P. J., September 17, 1937.—This matter comes before us upon a motion to strike off the appeal of the Susquehanna Collieries Company to this court from the action of the board of county commissioners sitting as a board of revision and appeal from the assessment against its property.

The appeal has attached to it a copy of a letter addressed to the Susquehanna Collieries Company from the "County Board of Revision and Appeal," entitled "Notice of Appeal," as follows:

"At the time of the sitting of the County Board of Revision to hear appeals from assessments in Wiconisco Township District where your following property is located, said Board of Revision revised and fixed your assessment for the triennial assessment year 1937 as follows:

Acres, 3070—seated valuation........$12,568.00
Coal in ground....................570,604.00"

The letter also contains five other items.

The appeal avers that the county commissioners, acting as a board of revision and appeal, revised and fixed the valuation as fixed in this letter on February 24, 1937; that as to the two items mentioned, the petitioner was aggrieved because the valuation is in excess of the taxable valuation and of the market value and the price at which the same would sell and that said valuation is made without due regard to the valuation and assessment of other property but is at a higher rate than the valuation of other real estate and is therefore unwarranted in law and would work an injustice upon the appellant.

The motion to strike off the appeal sworn to by the chief clerk to the county commissioners avers:

"No appeal was ever taken or made, verbally or written, to the Board of County Commissioners of Dauphin County, Pennsylvania, sitting as a Board of Revision and Appeal, by said appellant from the original assessment for the triennial year 1936, with respect to the items more particularly set forth and specified in said appeal."

The motion also avers that "said appeal does not affirmatively show on its face that the appellant took an appeal to the board . . . with respect to the items more particularly set forth therein." It is argued on the one hand, that before this court can take jurisdiction of an appeal to it from the action of the board of revision and appeal, the record must affirmatively show that an appeal was taken from the original assessment to such board and that in the absence of such showing this court has no power to proceed. A number of cases have been cited in support of this proposition.

On the other hand, it is contended that the appeal is brought pursuant to statutory authority and when brought it cannot be stricken off by motion unless there is some statutory authority for such proceeding.

We think the last position is sound. The Act of April 19, 1889, P. L. 37, reënacted by section 518 of The General County Assessment Law of May 22, 1933, P. L. 853, provides for an appeal by any owner of property aggrieved by the assessment or the valuation of his property. The hearing by the county commissioners is regulated by section 511 of The General County Assessment Law, supra, but there is nothing in either The General County Assessment Law or in the acts which were superseded providing for a motion to strike off the appeal. We are of opinion that whatever questions, technical or otherwise, may be raised should be raised upon the hearing of the appeal.

We think this motion cannot prevail for another reason. The county board of revision and appeal, consisting of the three county commissioners, stated unequivocally in their letter to the appellant that at the time the board sat "to hear appeals from assessments in Wiconisco Township District . . . the said board of revision revised and fixed your assessment . . . as follows:" Then follow the specific items, including the two complained of. There can be no ambiguity about this language that the board, in hearing appeals, both revised and fixed the assessment with reference to the seven items including the two in controversy but now the county commissioners, in their official capacity but not as a board, say that no appeal was ever taken with reference to these two items and that the appeal does not affirmatively show that an appeal was taken with respect to them. We think this presents an inconsistent position presented by the same officials acting in different capacities which ought not to support a summary judgment such as a motion to strike the appeal from the records. The board of revision says there was an appeal and that they acted on it and revised. The county commissioners say there was no appeal as to these two items but do not say or show what kind of an appeal there was and complain that the appeal to this

court does not affirmatively show an appeal to the board of revision. The court under this state of affairs ought not to enter summary judgment. The motion to strike off the appeal must be dismissed.

Now, September 17, 1937, the motion to strike off the appeal is hereby dismissed, without prejudice, however, to the county commissioners to raise any question as to the validity or regularity of the appeal when the matter comes before the court for hearing.